IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CYLINDA V. PHILLIPS, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 3:07-0968 |
| | ) JUDGE KNOWLES |
| ALLERGAN, INC., and | ) |
| AUDREY K. KRANTZ, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court upon the Motion of Defendant, Audrey K. Krantz, to dismiss this action for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Docket No. 36. Plaintiff has filed a Response in Opposition to the Motion. Docket No. 37.

Plaintiff is a citizen of the state of Tennessee. On August 7, 2007, she was a passenger in an automobile being driven by Julie Doherty, an employee of Allergan, Inc. Allergan is a corporation incorporated under the laws of the state of Delaware, and having its principal place of business in the state of California.[1] The automobile in which Plaintiff and Ms. Doherty were

---

[1] Plaintiff alleged in her Complaint that Allergan was established under the laws of the state of California. In its Answer, Allergan denied that it was a corporation established under the laws of the state of California, but stated that it is a corporation established under the laws of the state of Delaware.

Plaintiff made no allegation in her Complaint concerning Allergan's principal place of business, nor did Allergan address this point. Under 28 U.S.C. § 1332(c)(1), however, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. The Court takes judicial notice that the

driving was involved in a traffic accident in Nashville with an automobile being driven by Audrey K. Krantz. Ms. Krantz is a citizen of the state of Tennessee.

Plaintiff initially filed this action only against Defendant Allergan, seeking damages in excess of $75,000. Plaintiff invoked the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 (diversity of citizenship). There is no question that the Court had subject matter jurisdiction over Plaintiff's lawsuit against Allergan based upon diversity of citizenship.

When Allergan filed its Answer in this case, it stated in part as follows:

> Defendant pleads the doctrine of comparative fault. Audrey K. Krantz, the driver of the other vehicle involved in the accident, was solely or partially at fault for the accident for failing to keep a proper lookout, for failing to travel at an appropriate speed for the conditions that then and there existed and for failing to take appropriate evasive action. The liability for Plaintiff's alleged injuries and damages should be apportioned between the persons/entities at fault in proportion to their respective negligence . . .

Docket No. 5, p.3.

Shortly after Allergan's Answer was filed, Plaintiff filed a one sentence "Motion to Amend," which states: "Comes the Plaintiff, pursuant to Rule 15 of the Federal Rules of Civil Procedure and moves to add Audrey K. Krantz as a Party Defendant." Docket No. 11. Plaintiff also filed a Memorandum in Support of the Motion to Amend, which states in part as follows:

> 2. Pursuant to Tennessee Comparative Fault Law, fault can be apportioned against a party who is not joined in this cause, meaning that *Audrey K. Krantz is* not an indispensable party, but merely *a permissive party subject to joinder under Federal Rules*

---

principal place of business of Allergan is in the state of California. *See http://www.allergan.com/about/global/index.htm,* accessed June 2, 2008 (stating that the corporate headquarters of Allergan is in Irvine, California). Allergan, therefore is a citizen of Delaware and of California.

2

*of Civil Procedure 20*, without destroying diversity.

> 3. The Plaintiff prays the [*sic*] Audrey K. Krantz is allowed to added [*sic*] as a Party Defendant and that the following be added to the original Complaint:
>
>> "In their Answer the Defendant has alleged that "Defendant pleads the doctrine of comparative fault. Audrey K. Krantz, the driver of the other vehicle involved in the accident, was solely or partially at fault for the accident for failing to keep a proper lookout, for failing to travel at an appropriate speed for the conditions that then and there existed and for failing to take appropriate evasive action. The liability of [*sic*] the Plaintiff's alleged injuries and damages should be apportioned between the persons/entities at fault in proportion to their respective negligence".
>>
>> If the jury finds that such is correct, then the Plaintiff prays for a judgment against the Defendant Audrey K. Krantz for any percentage of fault that she is found to be" [*sic*].

Docket No. 12, p.1-2 (emphasis added). The Court subsequently granted the Motion to Amend. Docket No. 13.

Shortly after the Motion to Amend was granted, the Court entered an Order, *sua sponte*, requiring Plaintiff to file a brief showing that the Court has diversity jurisdiction of this action. Docket No. 17. Plaintiff subsequently filed a "Memorandum in Support of Diversity Jurisdiction" (Docket No. 19) citing 28 U.S.C. § 1367 and arguing that the Court could exercise "supplemental jurisdiction" over her claim against Ms. Krantz.

> Section 1367 provides in relevant part as follows:
>
> **Supplemental jurisdiction**
>
> **(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which

3

> the district courts have original jurisdiction , the district courts
> shall have supplemental jurisdiction over all other claims that are
> so related to claims in the action within such original jurisdiction
> that they form part of the same case or controversy under Article
> III of the United States Constitution. Such supplemental
> jurisdiction shall include claims that involve the joinder or
> intervention of additional parties.
>
> **(b)** In any civil action of which the district courts have original
> jurisdiction founded solely on section 1332 of this title, the district
> court shall not have supplemental jurisdiction under subsection (a)
> over claims by plaintiff against persons made parties under Rule
> 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over
> claims by persons proposed to be joined as plaintiffs under Rule 19
> of such rules, or seeking to intervene as plaintiffs under Rule 24 of
> such rules, when exercising supplemental jurisdiction over such
> claims would be inconsistent with the jurisdictional requirements
> of section 1332.

In her "Memorandum in Support of Diversity Jurisdiction," Plaintiff argued that, while 28 U.S.C. § 1367(b) does exclude certain claims, "it is important that the Court note that this should not be a claim that is excluded because it is based on Tennessee comparative fault law." Docket No. 19, p. 2. Plaintiff argued that the allegation or claim that Ms. Krantz is a responsible party is based upon Defendant's Answer, "pursuant to Tennessee Code Annotated Section 20-1-119." *Id.* Plaintiff further argued that, under Tennessee comparative fault, Ms. Krantz was "not an indispensable Party, but a permissive Party, meeting the criteria set forth under Hooper v. Wolfe, 396 F.3d 744 (6th Cir.), January 24, 2005." *Id.*

At that time, the Court took no further action, expecting that Ms. Krantz would raise the issue after she had been served and became a party. She has now done so. The grounds for the instant Motion are that the Court lacks diversity jurisdiction because Plaintiff and Defendant Krantz are both citizens of the state of Tennessee.

Plaintiff has filed a Response in Opposition to the Motion, which adopts her previously-

4

filed Memorandum, and which states in part as follows:

> The relevant statute is 28 U.S.C. 1367, related to supplemented [*sic*] jurisdiction and the issue for this Court to decide is when a Defendant alleges third party negligence in its answer as a defense to its own responsibility, and the Plaintiff adds that party under Tennessee Comparative Fault Law (Tennessee Code Annotated § 20-1-119), is diversity destroyed?

Docket No. 37, p. 1.

Plaintiff states that she added Ms. Krantz under T.C.A. § 20-1-119. Plaintiff, however, did not rely upon, or even mention, that statute when she amended her Complaint to add Ms. Krantz as a Defendant.[2] Instead, as quoted above, Plaintiff specifically cited Fed. R. Civ. P. 20 as the basis for the addition of Ms. Krantz as a Defendant.

Under the plain language of § 1367(b), this Court does not have supplemental jurisdiction under § 1367(a) of Plaintiff's claim against Ms. Krantz, who was made a party pursuant to Fed. R. Civ. P. 20. It is clear that exercising supplemental jurisdiction over this claim would be inconsistent with the jurisdictional requirements of § 1332. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (§ 1332 requires "complete diversity of citizenship," which "does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.") (Emphasis in original).

As discussed above, Plaintiff relies upon *Hooper v. Wolfe,* 396 F.3d 744 (6th Cir. 2005). *Hooper* discussed Fed. R. Civ. P. 19 and concluded that a partnership was not an indispensable party in that action. Plaintiff apparently believes that, if Ms. Krantz is a "permissive party," and

---

[2] Because Plaintiff did not rely upon T.C.A. § 20-1-119 when she amended her Complaint to add Ms. Krantz, it is unnecessary for the Court to discuss that statute and how it might have impacted this Court's jurisdiction, if at all.

not an "indispensable party," this Court somehow has jurisdiction. With all due respect, the Court has no idea why this distinction is relevant, or what *Hooper* has to do with the case at bar. *Hooper* does not even mention § 1367, and the plain language of § 1367 draws no distinction between "permissive" and "indispensable parties." Under § 1367(b), the Court does not have supplemental jurisdiction over claims by Plaintiff against persons made parties under either Rule 19 (regarding necessary and indispensable parties) or Rule 20 (regarding permissive joinder of parties).

For the foregoing reasons, Defendant's Motion to Dismiss (Docket No. 36) will be GRANTED. An appropriate Order will be entered.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge